UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN D. DOYLE, JR., *Regional Director of Region 2 of the National Labor Relations Board for and on behalf of the National Labor Relations Board*,

                  Petitioner,

        v.

COVENANT HOUSE NY,

                  Respondent.

No. 25-cv-3642 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On May 1, 2025, Petitioner John D. Doyle, Jr., the Regional Director of Region 2 of the National Labor Relations Board ("NLRB," or the "Board"), for and on behalf of the NLRB, filed a petition for a preliminary injunction against Respondent Covenant House NY under Section 10(j) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(j). Along with this petition, the NLRB also filed a motion to try the preliminary injunction based on an administrative record developed during the administrative hearing conducted before an NLRB Administrative Law Judge ("ALJ") in March 2025. In its motion, the NLRB argues that the Court need not preside over discovery or conduct an evidentiary hearing, as the closed administrative record establishes its right to an injunction under Section 10(j). Covenant House opposes that motion, and filed a motion of its own affirmatively seeking limited discovery and a hearing. For the reasons that follow, the NLRB's motion is granted, and Covenant House's motion is denied.

The NLRB is authorized to investigate charges of unfair labor practices and to adjudicate complaints thereof before an ALJ within the agency. *See Starbucks Corp. v. McKinney*, 602 U.S.

339, 343 (2024). Because these proceedings can take years, Congress authorized the NLRB, pursuant to Section 10(j) of the NLRA, to seek a preliminary injunction from a federal court in the interim. *See id.* Courts decide whether to grant such relief using the familiar four-part test from *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). This test requires the plaintiff to show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. Unlike with a typical preliminary injunction, however, "the district court is not making a predictive judgment about how it will rule on the merits itself. Instead, the court is predicting the future decision of the Board [in the administrative proceeding pending before it]." *Starbucks Corp.*, 602 U.S. at 363 (Jackson, J., concurring); *see also Hoffman ex rel. NLRB v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 367 (2d Cir. 2001).

In many cases, a district court will be able to decide a Section 10(j) petition on the administrative record alone, without any need for discovery or a hearing. *See Leslie v. Starbucks Corp.*, No. 23-1194, 2024 WL 2186232, at *6 (2d Cir. May 15, 2024) (collecting "numerous" such instances within this Circuit). This no-hearing route is appropriate when the administrative record already includes all evidence required to assess the four *Winter* factors. By and large, the record will include all evidence relevant to the Board's likelihood of success on the merits, since "the NLRB cannot consider other evidence outside the record presented to the ALJ in making its ultimate determination [on the merits]." *Sullivan v. Fairfield Parsippany, LLC*, No. 24-cv-8413, 2024 WL 4425770, at *1 (D.N.J. Oct. 3, 2024) (alterations omitted) (quoting *Harrell v. Nat'l Red Cross, Heart of Am. Blood Servs. Region*, No. 11-cv-1284, 2011 WL 3951860, at *2 (C.D. Ill. Sept. 7, 2011)). By contrast, the record will often lack evidence on the three equitable factors—irreparable harm, balance of equities and the public interest—as they routinely "involve evidence

2

that an administrative law judge does not even consider when evaluating [the merits] of unfair labor practice charges." *Leslie Corp.*, 2024 WL 2186232, at *6.

Here, the NLRB asserts that no discovery or hearing is necessary, as the administrative record from the March 2025 hearing is complete. Covenant House insists otherwise, and points to three respects in which the record is deficient: first, that the record does not include testimony from a labor expert and several NLRB attorneys about alleged violations of Covenant House's right to counsel; second that the record includes evidence about the managerial status of two employees that should have been excluded; and third, that the record does not include any of its own evidence on the equitable *Winter* factors.

The Court agrees with the NLRB: Neither discovery nor a hearing would be appropriate here, because they would not yield any evidence relevant to the Court's Section 10(j) injunction analysis. First, Covenant House is unpersuasive in arguing that it needs discovery in order to supplement the record with evidence about the Board's likelihood of success on the merits (the first *Winter* factor). It asserts that it should be able to seek discovery from several NLRB attorneys and a labor expert about the ways in which the NLRB purportedly violated its right to counsel by speaking with two of its personnel—John Sentigar and Gabrielle Perez—without counsel present. *See* Dkt. No. 26 ("Covenant House Opp.") at 12; Dkt. No. 37 ("Covenant House Supp. Ltr.") at 1. According to Covenant House, it would use this additional evidence to invalidate the underlying NLRB proceedings on the grounds that its due process rights were violated. *See* Covenant House Opp. at 12 (asserting that these violations "infected the proceedings before the Board to their core"). In other words, Covenant House offers this evidence as relevant to likelihood of success on the merits, as it calls into question the validity of the NLRB administrative proceedings.

But this argument has a fatal flaw: None of this evidence is part of the administrative record that was before the NLRB ALJ, so it is irrelevant to the NLRB's likelihood of success on the merits for purposes of a Section 10(j) petition. As already mentioned, the Court's role here is not to decide how *it* would adjudicate the merits—it is to predict how the NLRB will do so. *See Starbucks Corp.*, 602 U.S. at 363 (Jackson, J., concurring); *Hoffman ex rel. NLRB*, 247 F.3d at 367; *see also Bloedorn v. Francisco Foods, Inc.*, 276 F.3d 270, 288 (7th Cir. 2001) ("Assessing the Director's likelihood of success calls for a predictive judgment about what the Board is likely to do with the case."). And because "the NLRB cannot consider other evidence outside the record," the new evidence it seeks to introduce is irrelevant to the Section 10(j) analysis. *See Sullivan*, 2024 WL 4425770, at *1 (alterations omitted) (collecting cases holding same). Simply put, because none of that evidence is before the NLRB in the administrative proceeding, it bears no relevance to Court's assessment of likelihood-of-success in this Section 10(j) proceeding.

To be sure, Covenant House could move to reopen the record in order to introduce this new evidence in the administrative proceeding. But there is no real possibility that would be allowed here. By statute, a party can reopen the administrative record in only the "extraordinary circumstances" of "newly discovered evidence, evidence which has become available only since the close of the hearing, or evidence which the Board believes may have been taken at the hearing." 29 C.F.R. § 102.48(c)(1); *see Hercules, Inc. v. NLRB*, 833 F.2d 426, 430 (2d Cir. 1987). Covenant House would not meet that criteria. As the NLRB points out, Covenant House had an opportunity to present witnesses during the administrative hearing; indeed, the ALJ expressly invited it to put on testimony from the labor expert and the NLRB attorneys it now seeks.[1] Yet Covenant House

---

[1] *See* Dkt. No. 3 Ex. A at 33 ("ALJ: If the Respondent wishes to put on, attempt to elicit the testimony of the General Counsel, the Regional Director, the Special Ethics counsel, there are specific procedural requirements that they need to comply with. And they can deal with those issues."); *id.* at 303–04 ("ALJ: You have no witnesses?

inexplicably failed to act on that invitation, which would surely preclude it from reopening the record on that basis now.  *See, e.g.*, *In re Innovative Commc'ns Corp.*, 333 N.L.R.B. 665, 665 n.2 (2001) (denying request to consider evidence that had "not been made a part of the record"); *In re Chi. Tribune Co.*, 304 N.L.R.B. 259, 259 n.1 (1991) (similar).  Accordingly, while this evidence may well be absent from the administrative record, it is irrelevant for present purposes.

      Second, the Court rejects Covenant House's argument that it could use discovery or a hearing to adduce useful information that goes to the equitable *Winter* factors (irreparable harm, balance of the equities and the public interest).  Despite being provided several opportunities to do so, Covenant House has failed to articulate any way in which such proceedings would lead to relevant evidence on those fronts.  In its opposition to the NLRB's motion to try, Covenant House merely hinted that it has "important evidence to share with the Court" about the equitable factors, without bothering to say what that evidence might be.  Covenant House Opp. at 14.  The Court then gave Covenant House an opportunity to elaborate in a supplemental letter, Dkt. No. 33, and explicitly asked it to "specify[] how it will use discovery and/or a hearing to procure evidence on irreparable harm, balancing of the hardships, and the public interest," *id.* at 1.  Instead of answering that inquiry, Covenant House submitted a letter explaining how it would use discovery to develop further evidence about the *merits*, specifically by seeking discovery from the labor expert and NLRB attorneys about right-of-counsel violations—which, as just discussed, is not relevant to the Section 10(j) inquiry here.  *See* Dkt. No. 37 at 1.  And while its letter made the undisputed point that the Court would need to balance irreparable harm against likelihood of success on the merits, *id.* at 4, it still failed to cite a single piece of evidence about irreparable harm that it would be able

---

Respondent:  No witnesses."); *id.* at 324–25 ("ALJ:  I just want to note for the record so that there is no confusion. . . .  Respondent had indicated that it was not going to call any witnesses.").

5

to procure. In short, despite several opportunities, Covenant House has not explained how it would use discovery or a hearing to produce relevant information about irreparable harm, balance of the equities or the public interest. It thus has not established any genuine need for discovery or a hearing based on those *Winter* factors.

Covenant House fares no better in its third argument that discovery and a hearing are needed in order to cure the fact that the administrative record includes surplus evidence that should have been excluded. It asserts that the ALJ should not have permitted the Board to introduce evidence that the two NLRB personnel—Sentigar and Perez—were supervisors, and that all of that evidence should be ignored. *See* Covenant House Opp. at 9–10. But even if this evidence were admitted in error, introducing *more* evidence now through discovery and a hearing would do nothing to correct that mistake. Authorizing discovery or a hearing would only pile on more evidence to the existing record; it would not excise any of the evidence already there. If Covenant House believes this challenged evidence should have been excluded, it may argue in its opposition to the Section 10(j) petition that the NLRB is unlikely to prevail on the merits, because the ALJ will ultimately agree that this evidence is tainted.[2]

In sum, none of the evidence that Covenant House wishes to introduce here would impact the Court's assessment of the Section 10(j) petition for a preliminary injunction pending before it. Covenant House points to nothing it could introduce to alter the equitable factors, nor anything that could bear on the Court's assessment of the NLRB's likelihood of success on the merits. Because there is no basis for discovery or an evidentiary hearing, the NLRB's motion is granted.

---

[2] To the extent Covenant House asserts that it should have been able to introduce opposing evidence of its own on these topics, it received a chance to do so at the administrative hearing, which it declined to act on. *See* Dkt. No. 3 Ex. A at 303–04 ("ALJ: You have no witnesses? Respondent: No witnesses."); *id.* at 324–25 ("ALJ: I just want to note for the record so that there is no confusion. . . . Respondent had indicated that it was not going to call any witnesses.").

For the same reasons, Covenant House's motion for discovery and a hearing is denied. Covenant House shall file its opposition to the petition for a Section 10(j) injunction within ten days of this order. *See* Dkt. No. 20. The NLRB's reply is due no later than seven days after the opposition.

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 3 and 27.

SO ORDERED.

Dated:   July 8, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge