UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN D. DOYLE, JR., *Regional Director of Region 2 of the National Labor Relations Board for and on behalf of the National Labor Relations Board*,

                Petitioner,

v.

COVENANT HOUSE NY,

                Respondent.

No. 25-cv-3642 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On August 13, 2025, the Court granted Petitioner's request for an injunction pursuant to Section 10(j) of the National Labor Relations Act, and asked the parties to submit letters addressing several disputes over the terms that would be included in the Court's written order granting the injunction. *See* Dkt. Nos. 47–48. In its letter, Respondent objects to three provisions in Petitioner's proposed version of the order: (1) the provision excluding "caucus time" from the duration of each bargaining session, (2) the provision requiring Respondent to "cease and desist" from certain unfair bargaining practices, and (3) the provision requiring Respondent to post physical copies of the Court's order. *See* Dkt. No. 48.

First, the Court agrees with Respondent that the written order shall not exclude caucus time from the length of each bargaining session. When discussing the duration of bargaining sessions, the National Labor Relations Board ("NLRB") and its Administrative Law Judges ("ALJs") frequently refer to caucus time as part of the total. *See PG Publ'g Co., Inc. v. Pittsburgh Typographical Union No. 7*, No. 06-CA-269416, 2024 WL 3355062 (N.LR.B. Div. of Judges July 9, 2024) ("session ran for 2 hours and 4 minutes, including a 33 minute Union caucus"); *Sunbelt*

*Rentals, Inc. v. Int'l Union of Operating Eng'rs Loc. 139*, 370 N.L.R.B. No. 102 (Mar. 29, 2021) ("The parties' meetings, each generally lasting less than 4 hours, frequently included multiple caucuses."). Nor does the NLRB appear to regularly exclude caucus time from the duration of sessions in its bargaining orders. *See, e.g.*, *id.* (ordering "bargaining for not less than 24 hours per month and 6 hours per bargaining session" without explicitly mentioning caucus time); *All Seasons Climate Control, Inc. v. Sheet Metal Workers Int'l Ass'n, Loc. Union*, 357 N.L.R.B. 718, 734–35 (2011) ("for a minimum of 15 hours a week"); *Camelot Terrace v. Serv. Emps. Int'l Union Healthcare Loc. 4*, 357 N.L.R.B. 718, 734–35 (Dec. 30, 2011) ("not less than 24 hours per month, at least 6 hours per session for each facility or, in the alternative, 24 hours per month, at least 6 hours per session"). The NLRB does not even explicitly exclude caucus time in cases where the employer was alleged to have bargained in bad faith specifically by "taking prolonged and unproductive caucuses." *Sunbelt Rentals*, 370 N.L.R.B. No. 102 (ordering "bargaining for not less than 24 hours per month and 6 hours per bargaining session"). And while Petitioner points to one instance where the bargaining order explicitly excluded caucus time, that appears to be out of step with the NLRB's general practice. *See H.W. Weidco v. United Food & Comm. Workers, Loc. 152*, 371 N.L.R.B. No. 115 (July 18, 2022).

Petitioner also expresses concern that, without a caucus time exclusion, Respondent will simply pretend to caucus in order to avoid bargaining. *See* Dkt. No. 47 at 2–3. While that is a legitimate concern, it would not go unpunished, as such conduct would qualify as another violation of the NLRA well as a separate violation of the Court's injunction, which requires bargaining in good faith. *See Sunbelt Rentals*, 370 NLRB No. 102 (finding that company had engaged in unlawful "surface bargaining" "by taking prolonged and unproductive caucuses"); *see also Universal City Studios, Inc. v. N.Y. Broadway Int'l Corp.*, 705 F.2d 94, 96 (2d Cir. 1983) ("When an injunction has been violated, civil contempt remedies are available to provide compensation or

other remedial relief for the party for whose benefit the injunction was entered, and criminal contempt penalties may be imposed, where appropriate, to punish the violation and vindicate the court's authority."). Thus, while the Court will not include the caucus time exclusion in its written order, Petitioner shall notify the Court if Respondent appears to be exploiting its ability to caucus.

The Court disagrees with the rest of Respondent's arguments about cease-and-desist and publication orders. The NLRB "has broad discretion in . . . its choice of remedies," *NLRB v. Katz's Delicatessen of Houston Street, Inc.*, 80 F.3d 755, 769 (2d Cir. 1996), and its standard remedy is to issue a "cease and desist order with the posting of appropriate notices," *Grandee Beer Dists., Inc. v. NLRB*, 630 F.2d 928, 934 (2d Cir. 1980); *see also PB Publ'g Co.*, 2024 WL 3355062 ("The Board has held that in the vast majority of cases involving bad-faith bargaining violations, a bargaining order accompanied by the usual cease-and-desist order and the posting of a notice will suffice to induce a respondent to fulfill its statutory obligations"). In fact, the NLRB treats bargaining orders as the greater power, and may opt to issue only a cease-and-desist and publication order when a bargaining order would be excessive. *See id.* (vacating and denying enforcement of bargaining order and granting enforcement of case-and-desist order). Because the Court already determined that a bargaining order is the likely remedy, it will also include the cease-and-desist and publication provisions in its written order.

No later than September 3, 2025, Petitioner shall submit a revised version of its proposed order consistent with this ruling.

SO ORDERED.

Dated:   August 27, 2025
         New York, New York

Ronnie Abrams
United States District Judge

3