UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN D. DOYLE, JR., <br> Regional Director of Region 2 <br> Of the National Labor Relations Board <br> For and on behalf of the <br> National Labor Relations Board, <br><br> Petitioner, <br><br> v. <br><br> COVENANT HOUSE NY <br><br> Respondent | Civil No. 25-cv-3642 (RA) |

**~~PROPOSED~~ ORDER GRANTING INTERIM RELIEF**

For the reasons stated on August 13, 2025, the Petition for Preliminary Injunction ("Petition") filed by Petitioner John D. Doyle, Jr., Regional Director, Region 2, National Labor Relations Board (the "Board"), pursuant to Section 10(j) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 160(j), requesting the issuance of an order granting interim relief pending final disposition of the matters involved herein pending before the Board, is **GRANTED**.

Accordingly, **IT IS HEREBY ORDERED** that, pending the final disposition of the related matters pending before the Board, Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with it or them, are enjoined and restrained from:

(a) Failing and refusing to bargain in good faith with 1199SEIU United Healthcare Workers East (Union) as the exclusive collective-bargaining representative of the Union employees;

(b) Refusing to furnish, or delaying in furnishing the Union with relevant, requested information;

(c) Threatening employees with discipline for engaging in Union activities;

(d) In any like or related manner unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed to them under Section 7 of the Act; and further to

**IT IS FURTHER ORDERED** that Respondent take the following affirmative actions:

(a) Immediately recognize, and upon request, bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the employees in the following Unit:

> Included: All full-time, regular part-time and per diem professional employees of the Employer, including employees in the following classifications: Nurse Practitioner, Social Worker, Senior Social Worker, Child Development Director, Director Development and Communications, Grants Manager, Program Compliance Manager, Data Strategy Specialist, Database Administrator, Program Compliance Coordinator, Project & Communication Coord., Project Coordinator Leasing and Housing, Operations Engineer, and Senior Staff Accountant, and all full-time and regular part-time and per diem non-professional employees of the Employer, including employees in the following classifications: Case Managers, Individual Placement and Support, Custodian Specialists, Facilities Manager, Facility Specialist, Cook, Kitchen Helper, Shift Lead, Resident Advisor, Senior

    Resident Advisor, Youth Advancement Specialist, Youth Benefits Support Specialist, Childcare Specialist, Intake Specialist, Lead Medical Assistant, Medical Assistant, Medical Receptionist, Training Coordinator, WOW Instructor, Development & Communications Associate, Facilities Administrative Coordinator Health Center Office and Insurance Coordinator, Housing Voucher Specialist, In Kind Donation Specialist, Real Estate Coordinator, Youth Development & LGBTQ Program Specialist, Youth Development Coordinator, Program Schedule Coordinator, and Senior Vocational Specialist, in working at or out of the following locations in the five (5) boroughs of New York City: 460 W 41st Street New York, NY 10036, 3322 Bainbridge Ave Bronx, NY 10467, 2501 Glebe Ave, Bronx, NY 10461, 1272 Fteley Ave Bronx, NY 10472, 927 Avenue St John Bronx, NY 10455, 3306 Steuben Ave Bronx, NY 10467, and 45 W 177th St Bronx, NY 10453.

    <u>Excluded:</u> Guards, supervisors, managers and confidential employees as defined by the Act.

(b) Bargain on request for a minimum of two days a month for at least four hours per session, or in accordance with another schedule mutually agreed to by the parties in writing, until a complete collective bargaining agreement is embodied in a signed agreement or a good faith impasse in negotiations is reached;

(c) Prepare sworn written bargaining progress reports every 30 days, showing in detail the nature and course of bargaining with the Union and attaching any written communications between the parties with respect to such bargaining;

(d) Submit each progress report to the Regional Director and also serve the reports on the Union to provide the Union with an opportunity to reply;

(e) Within fifteen (15) days provide the outstanding information requested on November 15, 2023, and February 22, 2024;

(f) Within seven (7) days, post physical copies of the District Court's Injunction Order setting forth the relief granted at each of the Respondent's New York City facilities, on the bulletin board, in all breakrooms, and in all other places where the Respondent typically posts notices to its employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to each worksite to monitor compliance with this posting requirement;

(g) Within seven (7) days, distribute electronic copies of the District Court's Injunction Order specifying the relief granted to all Unit employees employed by the Respondent via email, and all other intranet or internet sites or apps that the Respondent uses to communicate with employees;

(h) Within ten (10) days, convene one or more mandatory meetings, on working time and at times when the Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at the Respondent's New York City facilities, during which the District Court's Injunction Order specifying the relief granted will be read to the Unit employees by a responsible Respondent official in the presence of a Board agent, or at the Respondent's option, by a Board agent in the presence of a responsible Respondent official. The Respondent shall also afford the Union, through the Regional Director,

reasonable notice and opportunity to have a representative present when the Injunction Order is read to employees. The Respondent shall announce the meeting(s) for the Injunction Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. The Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise; and

(i) Within twenty-one (21) days of the issuance of the District Court's Injunction Order, file with the District Court and submit a copy to the Regional Director of Region 2 of the Board, a sworn affidavit from a responsible Respondent official setting forth, with specificity, the manner in which the Respondent has complied with the terms of the District Court's Injunction Order, including how it has posted the documents required by the Court's decree, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the Injunction Order was read to employees and by whom, as required by the Court.

**IT IS SO ORDERED.**

Dated: September 5, 2025

_____
Ronnie Abrams
United States District Judge