UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN D. DOYLE, JR., *Regional Director of Region 2 of the National Labor Relations Board for and on behalf of the National Labor Relations Board*,

                     Petitioner,

            v.

COVENANT HOUSE NY,

                     Respondent.

No. 25-cv-3642 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On August 13, 2025, the Court orally granted Petitioner's request for an injunction pursuant to Section 10(j) of the National Labor Relations Act ("NLRA"), and issued a written order granting that relief on September 5, 2025. Dkt. No. 52. Respondent filed a notice of appeal the same day, Dkt. No. 53, and on September 8, 2025 filed a motion to stay the injunction pending the appeal, Dkt. Nos. 54–55. For the reasons that follow, Respondent's motion to stay is denied.

Federal Rule of Civil Procedure 62(c) authorizes a district court to suspend an injunction pending appeal. Courts to look to four factors when deciding whether to grant such a stay, which are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). None of these factors favor Respondent here.

First, Respondent is not likely to succeed on appeal in arguing that two of its personnel were "managers" under the NLRA. As the Court already explained at length in its oral ruling,

Respondent's primary argument about "admissions" is baseless.  Rather than offer evidence at the administrative hearing to prove that these individuals qualified as managers, Respondent tried to "admit" that they were managers in its answer, and then use its own admission as binding against Petitioner.  That is not how admissions work, and Respondent unsurprisingly cites no cases in which a party was allowed to bind an adversary with its *own* admission.  *See Old Chief v. United States*, 519 U.S. 172, 186–87 (1997) ("[A party] may not stipulate or admit his way out of the full evidentiary force of the case as [his adversary] chooses to present it.").  Nor is there any merit to Respondent's strained argument that Petitioner admitted that the employees were managers in its pleading, given that Petitioner's pleading says nothing of the sort.

Respondent's backup argument about skip counsel violations also fails.  Even if Petitioner did violate Respondent's right to counsel by interviewing the two employees without counsel present, the remedy would be to exclude any statements they made during those interviews.  The burden would still be on Respondent to offer evidence at the administrative hearing that they were managers, which Respondent entirely failed to do.

The remaining equitable factors all weigh in favor of Petitioner.  Respondent will not be irreparably harmed absent a stay.  The injunction requires Respondent to bargain in good faith for eight hours a month, which poses a harm that is "minimal" at best.  *Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1196 (9th Cir. 2011) (internal quotation marks omitted).  A stay, by contrast, would injure not only Petitioner but other parties interested in the proceeding and harm the public interest, as it would further delay the Union's good-faith attempts to bargain with Respondent.  *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 362 (2024) (Jackson, J., concurring) (discussing public interest in promoting collective bargaining as embodied in the NLRA).

Accordingly, the Court denies Respondent's motion for a stay pending appeal. The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 54 and 55.

SO ORDERED.

Dated:   September 9, 2025
           New York, New York

_____
Ronnie Abrams
United States District Judge

3